**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0335n.06

No. 10-4588

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Mar 28, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ANGELINA EVERILDA CRISTOBAL LOPEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) ) ) | |

BEFORE:  GUY and DONALD, Circuit Judges; O'MEARA, District Judge.[*]

PER CURIAM.  Angelina Everilda Cristobal Lopez petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Lopez is a native and citizen of Guatemala.  She entered the United States on August 20, 1999.  In December 2000, she filed an application for asylum and withholding of removal, alleging that a group of guerillas threatened to kill her parents for refusing to join them and subsequently harassed her and her grandparents after her parents fled Guatemala.  Lopez asserted that the guerillas would kill her if she returned to Guatemala.  In 2009, Lopez filed an application for asylum, withholding of removal, and relief under the CAT, making similar allegations and also alleging that,

---

[*]The Honorable John C. O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

if she returned to Guatemala, she would be persecuted or killed by street gangs because she is a woman. The IJ denied the applications, concluding that Lopez's requests for asylum were untimely and that she failed to make the showing necessary to obtain asylum, withholding of removal, or relief under the CAT. The BIA affirmed the IJ's decision and dismissed Lopez's appeal.

In her petition for review, Lopez argues that the BIA erred by concluding that her second asylum application was untimely and by concluding that she was not entitled to asylum or withholding of removal on the basis of her gender or imputed political opinion. Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We lack jurisdiction to review the denial of Lopez's second asylum application as untimely because her arguments regarding changed and extraordinary circumstances are predominantly factual. *See Fang Huang v. Mukasey*, 523 F.3d 640, 650-51 (6th Cir. 2008). Lopez has waived any challenge to the denial of her first asylum application as untimely and to the denial of relief under the CAT by failing to raise those issues on appeal. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

To qualify for withholding of removal, an applicant must demonstrate a clear probability that, if removed from the country, she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion. *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1150-51 (6th Cir. 2010). To demonstrate a "clear probability," the applicant must show that it is more likely than not that she will be persecuted. *Id.* at 1151. If an applicant demonstrates that she has suffered past persecution in the country of removal on account of a protected ground, we

employ a rebuttable presumption that the applicant would be persecuted in the future on the same basis. *Vincent v. Holder*, 632 F.3d 351, 354-55 (6th Cir. 2011).

Lopez failed to establish either past persecution or a clear probability of future persecution on the basis of imputed political opinion. Lopez testified that, when she was a child, her parents would leave at night and return in the morning, explaining that they did so to protect Lopez and her sister. Lopez thought that the reason her parents fled Guatemala was because "someone wanted to kill them." Lopez further testified that, on two occasions after her parents and sister fled Guatemala, armed men dressed like soldiers came to her grandparents' house in search of her parents. Lopez acknowledged, however, that she did not know whether her parents were involved in politics or the military, that she did not know why her parents ultimately fled Guatemala, and that she did not know why the soldiers were looking for her parents. Given the lack of evidence concerning whether her parents held any particular political opinion, Lopez cannot establish that she suffered persecution on the basis of an imputed political opinion or that she would likely be persecuted on that basis in the future.

Likewise, Lopez failed to establish a clear probability that she would be persecuted on account of her gender if returned to Guatemala. Lopez testified that women in Guatemala are frequently killed by gangs and that the crimes usually go unsolved. She further testified that she had a friend in Mexico who was killed, presumably because of her gender, and that violence against women was worse in Guatemala than in Mexico. Lopez also presented several articles and reports, including the State Department's 2008 Country Report on Guatemala, which discussed the targeting of women inside the country. The articles and reports stated that crimes against women were a common and serious problem, but that the Guatemalan government had taken steps to provide

women greater legal protection and psychological and medical assistance. Although Lopez's testimony and evidence demonstrated that violence against women is an ongoing problem in Guatemala, it was insufficient to establish that it is more likely than not that she would be persecuted on account of her gender if returned to Guatemala.

Accordingly, we deny Lopez's petition for review.